```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JIANGXO ZHENGAO RECYCLED TEXTILE                              :
CO., LTD.,                                                    :
                                          Petitioner,         :   24 Civ. 3434 (LGS)
                                                              :
                    -against-                                 :   OPINION AND ORDER
                                                              :
AMAZON.COM SERVICES LLC, et al.,                              :
                                          Respondents.        :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

On January 11, 2024, retired federal Magistrate Judge, the Honorable Carol E. Heckman (the "Arbitrator") issued an arbitral award (the "Award") against Petitioner, Jiangxi Zhengao Recycled Textile Industrial Co., Ltd., in favor of Respondents, Amazon.com Services LLC and Amazon.com, Inc. (together, "Amazon"). At issue are Petitioner's motion to vacate the Award and Respondents' cross-motion to confirm the Award. For the following reasons, Petitioner's motion to vacate is denied, and Respondents' motion to confirm is granted.

## I.     BACKGROUND

The following facts are taken from the briefing, sworn declarations of the parties' counsel and attached exhibits, including the Award.

Petitioner, a corporation organized under the laws of the People's Republic of China, is a third-party seller on Respondent Amazon's online marketplace. Third party sellers on the Amazon.com store must agree to abide by the terms and conditions in Amazon's Business Solutions Agreement (the "BSA"), which includes a provision prohibiting sellers from offering "a third party a financial reward, discount, free products, or other compensation in exchange for a review on their product or their competitor's products." Section 2 of the BSA states that, if a

seller engages in "deceptive, fraudulent, or illegal activity" or "repeatedly violate[s] [Amazon's] Program Policies, then [Amazon] may in [its] sole discretion permanently withhold any payments" to the seller. The BSA also includes a mandatory arbitration provision, which provides that any arbitration will be conducted by the American Arbitration Association (the "AAA").

On or about June 24, 2021, Respondents suspended Petitioner's account after discovering that Petitioner included inserts in its shipments and offered gift cards to customers who published positive reviews about its products. On June 14, 2022, Petitioner filed a Demand for Arbitration with the AAA, alleging that Amazon had improperly deactivated its account and failed to disburse funds. On August 26, 2022, the appointed Arbitrator disclosed that she had served as an arbitrator in three prior proceedings in which Amazon was a party, and that one of these, *Zongheng Domain Network v. Amazon*, was still pending.

Throughout the arbitration process, Petitioner made several requests with the AAA to remove the Arbitrator: on August 24, 2022, September 8, 2022, and February 7, 2023. Each was denied. In May 2023, Petitioner asked the Arbitrator to recuse herself voluntarily, which she declined to do.

After several extensions, the parties' arbitration briefs were due on November 1, 2023. On November 1, Petitioner sought a six-month extension to seek a temporary restraining order, preliminary injunction and court order appointing a different arbitrator. The Arbitrator declined to adjourn the arbitration for "more than two weeks," and wrote to the parties that, "absent a court order directing me not to proceed, I will receive merits briefing on Nov. 15, and will proceed to decide the case based on the briefs submitted." On November 8, 2023, Petitioner

2

filed another motion with the AAA to remove the Arbitrator, which was denied. Petitioner did not submit any briefing to the Arbitrator, either before or after the November 15 deadline.

On December 11, 2023, Petitioner filed its application for a temporary restraining order in the United States District Court for the Southern District of New York, which was denied on December 15, 2023. Petitioner then asked the Arbitrator to reopen the arbitration to allow it to submit its brief and evidence. The Arbitrator did not grant Petitioner's request and issued the Award for Respondents on January 11, 2024. On April 10, 2024, Petitioner filed a petition to vacate the Award in the Supreme Court of the State of New York. On May 3, 2024, Respondents timely removed the case to this Court. Petitioner filed an amended petition to vacate the Award on June 14, 2024. Respondents filed their cross-motion to confirm the Award on July 17, 2024. Petitioner and Respondents filed replies in support of their motions on July 29, 2024, and August 12, 2024, respectively.

## II.   STANDARD

Petitions to vacate an arbitration award are governed by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 9-12; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("The [FAA] . . . supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.").[1] The FAA provides that an arbitration award may be vacated in four instances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct . . . ; or (4)

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

An award will not be vacated even where there is "serious error," but only where the panel "effectively dispense[s] [its] own brand of industrial justice." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "A court's review of an arbitration award is . . . severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015). The party seeking to "vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011).

Conversely, "[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997); *accord Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. J & S Installation LLC*, No. 24 Civ. 04145, 2024 WL 3797183, at *2 (S.D.N.Y. Aug. 13, 2024). When reviewing a petition to confirm or vacate an arbitration award, "the petition and accompanying record should [be] . . . treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *accord Evan K. Halperin Revocable Living Tr. v. Charles Schwab & Co.*, No. 21 Civ. 8098, 2022 WL 4334655, at *5 (S.D.N.Y. Sept. 19, 2022) (considering parties' petitions to confirm and vacate an arbitration award and supporting declarations), *aff'd*, No. 22-2748-CV, 2023 WL 8253681 (2d Cir. Nov. 29, 2023).

4

### III. DISCUSSION

Petitioner argues the Award should be vacated for five reasons: (1) the Award was procured through fraud and misconduct; (2) the Arbitrator's prior opinion prejudicially affected the Award and her "repeat player bias" demonstrated evident partiality; (3) the Arbitrator denied Petitioner a fundamentally fair hearing; (4) the Arbitrator exceeded her powers and/or violated public policy and (5) the Award manifestly disregards the law. These arguments are unpersuasive. As discussed below, Petitioner has not carried the significant burden to vacate the Award. Petitioner's motion to vacate the Award is denied, and Respondents' cross-motion to confirm the Award is granted.

### A. Fraud and Misconduct

Petitioner has failed to carry its significant burden of showing that the Award was procured through fraud and misconduct. A court may vacate an award that is "procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). A petitioner who seeks to vacate an award because of fraud "must adequately plead that (1) respondent engaged in fraudulent activity; (2) even with the exercise of due diligence, petitioner could not have discovered the fraud prior to the award issuing; and (3) the fraud materially related to an issue in the arbitration." *Odeon Cap. Grp. LLC v. Ackerman*, 864 F.3d 191, 196 (2d Cir. 2017); *accord Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23 Civ. 7331, 2024 WL 4100555, at *16 (S.D.N.Y. Sep. 6, 2024). To be material, the petitioner "must demonstrate a nexus between the alleged fraud and the decision made by the arbitrator[] . . . ." *Ackerman*, 864 F.3d at 196. Petitioner fails to allege all three requirements.

Petitioner fails to allege that Respondents engaged in fraudulent activity. Petitioner argues that Respondents engaged in fraudulent activity when, in response to an August 2022

5

email from Petitioner objecting to the Arbitrator's appointment, Respondents informed AAA and Petitioner that there was no risk of Arbitrator bias because the Arbitrator "ha[d] not ruled on the merits in the other matter [involving Amazon], and ha[d] not expressed any legal opinion that indicate[d] any question of neutrality." Petitioner contends that this statement was fraudulent because Respondents knew that the Arbitrator had issued a ruling in a prior arbitration before her in 2020, *Kellner v. Amazon*. However, the record shows that Respondents were not referring to *Kellner* in their email, but rather to a different, concurrently pending matter, *Zongheng Domain Network v. Amazon*. Thus, Petitioner fails to point to fraudulent activity.

Even if Respondents' email referred to *Kellner*, Petitioner has failed to show that it could not have discovered the alleged fraud -- that the Arbitrator had issued a ruling in *Kellner* -- prior to the Award issuing, or that the alleged fraud was material. Petitioner argues that it could not have discovered the 2020 *Kellner* opinion because "arbitration awards are generally not publicly available." However, as Petitioner acknowledges, the *Kellner* ruling from 2020 was "publicly available" before the Arbitrator issued the Award. Thus, Petitioner could have discovered the fraud "with the exercise of due diligence." *See Eletson Holdings, Inc.*, 2024 WL 4100555, at *16.

Petitioner has also failed to show that the alleged fraud "materially related to an issue in the arbitration" because Petitioner has not shown a "nexus between the alleged fraud and the decision made by the arbitrator[]." *See Ackerman*, 864 F.3d at 196. Petitioner does not explain how Respondents' alleged concealment of the Arbitrator's *Kellner* decision influenced the Arbitrator's ruling. While Petitioner argues that Respondents' failure to reveal the alleged fraud delayed Petitioner's ability to oppose the Arbitrator's appointment earlier, Petitioner still had the opportunity to file several motions attempting to remove the Arbitrator, all of which were denied.

*See O'Connor-Roche v. RBC Cap. Mkts., LLC*, No. 22 Civ. 1467, 2022 WL 17798116, at *5 (S.D.N.Y. Dec. 19, 2022) ("The purpose of requiring fraud to be newly discovered before vacating an arbitration award on that ground is to avoid reexamination, by the courts, of credibility matters which either could have been or were in fact called into question during the course of the arbitration proceedings."). Petitioner does not meet its burden of demonstrating that Respondents' email was fraudulent and affected the Award.

### B. Evident Partiality

Petitioner's argument that the Arbitrator was biased and demonstrated evident partiality also fails. A court may vacate an award "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). Evident partiality exists "only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012); *accord Andes Petroleum Ecuador Ltd. v. Occidental Expl. and Prod. Co.*, No. 21 Civ. 3039, 2023 WL 4004686, at *2 (2d Cir. June 15, 2023) (summary order). The Second Circuit has "repeatedly said that adverse rulings alone rarely evidence partiality . . . . [T]he fact that one arbitration resembles another in some respects does not suggest to us that an arbitrator presiding in both is somehow therefore likely to be biased in favor of or against any party." *Scandinavian Reinsurance*, 668 F.3d at 75.

Petitioner contends that the Arbitrator's partiality is shown by her failure to disclose her opinion in *Kellner v. Amazon*, which Petitioner alleges involved the same parties and issues as the present matter. However, under the AAA Rules, the Arbitrator was not allowed to make such a disclosure. *See* AAA Rule 45(a) ("Unless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters

7

relating to the arbitration or the award."); *Jiangxi Zhengao Recycled Textile Indus. Co. v. Amazon.com Servs., LLC*, 23 Civ. 9692, 2023 WL 8700956, at *3 (S.D.N.Y. Dec. 15, 2023) (rejecting Petitioner's identical argument that the Arbitrator was biased because she failed to disclose the same *Kellner* award). "Moreover, the Arbitrator's decision in another arbitration is insufficient to establish arbitrator partiality as a matter of law." *Id.* Petitioner has failed to raise any "question of bias" regarding the Arbitrator. *See Scandinavian Reinsurance Co. Ltd.*, 668 F.3d at 73.

Petitioner's argument that the Arbitrator's appointment in three prior arbitrations between Amazon and its third-party sellers demonstrates evident partiality is without merit. At the beginning of the arbitration, the Arbitrator disclosed that she had served in three other Amazon arbitrations. She then asked the parties to "seek responses from [her] as to any further inquiry deemed appropriate." Petitioner does not allege to have made any further inquiry. Under the circumstances, a reasonable person would not "have to conclude" that the Arbitrator was partial to Amazon. *See id.* at 64.

Further, Petitioner's argument that Amazon is a "repeat player" with "significant advantages over a small seller in arbitrator selection" does not change the analysis. Such an argument is "based simply on speculation" untethered from "objective facts inconsistent with impartiality." *See id.* at 72; *Est. of Scherban v. Lynch*, No. 14 Civ. 6312, 2021 WL 2581278, at *6 (S.D.N.Y. June 23, 2021). The Second Circuit has recognized that, regarding arbitrators themselves, the "best informed and most capable potential arbitrators are repeat players with deep industry connections, who will understand the trade's norms of doing business and the consequences of proposed lines of decision." *Certain Underwriting Members of Lloyds of*

*London v. Fla., Dep't of Fin. Servs.*, 892 F.3d 501, 507 (2d Cir. 2018).  Petitioner has not met its burden in demonstrating evident partiality.

### C. Fundamentally Fair Hearing

Petitioner's argument that the Arbitrator denied it a fundamentally fair hearing is unpersuasive.  A court may vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(3).  Misconduct occurs "only where there is a denial of fundamental fairness."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013); *accord Chi. Bridge & Iron Co. N.V. v. Refinería de Cartagena S.A.S.*, No. 23 Civ. 4825, 2025 WL 71658, at *12 (S.D.N.Y. Jan. 10, 2025).  Arbitrators are accorded "great deference in their evidentiary determinations, and need not follow all the niceties observed by the federal courts."  *YLL Irrevocable Tr.*, 729 F.3d at 107.  An Arbitrator must give each party "an adequate opportunity to present its evidence and argument," but is "not required to hear all the evidence proffered by a party . . . ."  *Id.*  A party is "not denied a fundamentally fair hearing if it did not avail itself of the opportunity to be heard by proffering further evidence, seeking discovery, or requesting an evidentiary hearing."  *Oracle Corp. v. Wilson*, 276 F. Supp. 3d 22, 31 (S.D.N.Y. 2017); *accord Sire Spirits, LLC v. Green*, 21 Civ. 7343, 2022 WL 2003483, at *11 (S.D.N.Y. June 6, 2022).

Petitioner contends that the Arbitrator denied it a fundamentally fair hearing by denying its request to reopen the hearing so that it could submit its brief after the filing deadline had passed.  This argument is unpersuasive because Petitioner was not denied a fair hearing; it chose not to "avail" itself of one.  *See Oracle Corp.*, 276 F. Supp. 3d at 31.  The Arbitrator extended

the parties' deadline to submit their briefs several times and ultimately warned Petitioner that, "absent a court order directing me not to proceed, I will receive merits briefing on Nov. 15, and will proceed to decide the case based on the briefs submitted." After choosing not to submit its brief, Petitioner cannot now argue that it was denied a fundamentally fair hearing. *See Landmark Ventures, Inc. v. InSightec, Ltd.*, 63 F. Supp. 3d 343, 352-53 (S.D.N.Y. 2014) (holding that the arbitrator's decision to deny petitioner's extension request was "well within her broad discretion to enforce deadlines" where petitioner "repeatedly missed deadlines, filed improper, untimely requests even after being given a second chance to comply, and failed to follow Orders"). Petitioner was not denied a fundamentally fair hearing.

### D. Public Policy

Petitioner's argument that the Arbitrator exceeded her powers or violated public policy is also without merit. Under 9 U.S.C. § 10(a)(4), a court may vacate an award where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The Second Circuit has "consistently accorded the narrowest of readings to the FAA's authorization to vacate awards pursuant to § 10(a)(4)." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 161 (2d Cir. 2021). "[The] analysis under Section 10(a)(4) therefore focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Id.* Only where an arbitrator "act[s] outside the scope of his contractually delegated authority -- issuing an award that simply reflect[s] [his] own notions of [economic] justice rather than draw[ing] its essence from the contract -- may a court overturn his determination." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013).

Petitioner argues that the Arbitrator exceeded her powers by enforcing what in substance is a penalty clause and contrary to public policy -- i.e., Section 2 of the BSA, which permits Amazon to withhold payments to sellers in circumstances. The Second Circuit recently addressed this issue after counsel for Petitioner, in a separate case and representing a different third-party Amazon seller, raised the same arguments about Section 2 of the BSA. *See Shenzhen Lanteng Cyber Tech. Co. v. Amazon.com Servs., LLC*, No. 23-7593, No. 23-7809, 2024 WL 4356307 (2d Cir. Oct. 1, 2024) (summary order). There, the Second Circuit recognized a "narrow public policy exception" to confirming arbitration awards where enforcing the award would "violate our most basic notions of morality and justice." *Id.* at *3. However, the Second Circuit made clear that the "exception only applies where *enforcement* of the arbitration award would violate public policy." *Id.* When a party argues that the "*underlying contract* is invalid for violating public policy, that claim is to be determined exclusively by the arbitrators." *Id.* As in *Shenzhen Lanteng*, Petitioner's challenge to Section 2 of the BSA is directed at the underlying contract rather than the enforcement of the Award. Thus, Petitioner's claim does not fall within the "narrow public policy exception" to arbitration awards. *Id.*

### E. Manifest Disregard of the Law

Finally, Petitioner has failed to show that the Award was based on a manifest disregard of the law. While not a ground for vacating the award under the FAA, the Second Circuit has held that a court may "set aside an arbitration award if it was rendered in manifest disregard of the law." *See* 9 U.S.C. § 10; *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.*

This occurs "when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Id.*  A court may vacate an award due to manifest disregard of the law "only if the court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016); *accord Risen Energy Co. v. Focus Futura Holding Participacoes S.A.*, 23 Civ. 10993, 2024 WL 2959164, at *2 (S.D.N.Y. June 11, 2024).  In contrast, a court "will uphold an arbitration award under this standard so long as the arbitrator has provided even a barely colorable justification for his or her interpretation of the contract." *Weiss*, 939 F.3d at 109.

Petitioner argues that the Arbitrator manifestly disregarded the law when she applied the "reasonable forecast" test from *Watson v. Ingram*, 881 P.2d 247 (Wash. 1994), and deemed Section 2 of the BSA enforceable.  Petitioner's argument fails because it ultimately lies in Petitioner's disagreement with the Arbitrator's conclusion.  Such disagreement, and even error, is insufficient to demonstrate manifest disregard of the law.  *See Shenzhen Lanteng*, 2024 WL 4356307, at *2 ("Although Appellants disagree with the arbitrators' application of the *Watson* test, a mere demonstration that the arbitrators . . . made the wrong call on the law does not show manifest disregard.").  The Arbitrator provided more than a "barely colorable justification" for her decision.  *See Weiss*, 939 F.3d at 109.  She applied the "reasonable forecast" test and found that the "harm caused by a seller engaging in a review abuse . . . is very difficult, if not impossible to quantify," and that having funds withheld for fourteen days under the BSA is "a reasonable forecast of the damage."  As such, "[t]he Court's role is not to second-guess the

[Arbitrator]'s reasonable interpretation of the Agreements and the law." *Risen Energy*, 23 Civ. 10993, 2024 WL 2959164, at *3.  The Arbitrator did not manifestly disregard the law.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate the Award is **DENIED**, and Respondents' cross-motion to confirm is **GRANTED**.  Petitioner's request for remand to conduct an expedited arbitration before a new arbitrator is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 22 and 32 and to close the case.

Dated: March 14, 2025
       New York, New York

                                           _____
                                           **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**